## THE STATE *v.* RICHARD SCOTT.

Bill of exceptions to the refusal of the court to charge that " the jury are not the judges of the law
and fact in a criminal case, but must take the law as laid down by the court"—*Held:* The charge
asked for was erroneous. *By the Court:* In both civil and criminal cases, the jury are judges
of the law and the fact; otherwise it would be impossible for them to render a general verdict in
any case.

It is in general safe, as it is in conformity with the theory and the presumptions of our criminal
jurisprudence, for the jury to regard the exposition of the law given by the court as correct and
decisive—but they are under no compulsion to do so. They not only have the physical power to
disregard the instructions of the court, but there might be extreme cases where it would be right
to exercise the power. Still the statutes require the Judge to expound the law to the jury and,
in general, they will do well to heed it as authoritative.

APPEAL from the First District Court, *Robertson*, J.
Moïse, Attorney General. *Henderson*, Jr., and *Field*, for appellant.

SPOFFORD, J. The defendant having been found " guilty without capital
punishment," under an indictment for murder, was sentenced to imprisonment
at hard labor for life.

He has appealed, and now seeks. to reverse the judgment of the inferior
court for various alleged errors.

It is only necessary to notice one.

A bill of exceptions declares, that on the trial of this case before a jury,
the court instructed the jury in these words: " The jury are not the judges
of the law and fact in a criminal case, but must take the law as laid down by
the court."

The charge was erroneous, and has not been fortified by the citation of a
single precedent.

In both civil and criminal cases, the jury are judges of the law and the
fact; otherwise it would be impossible for them to render a general verdict in
any case. *Tresca* v. *Maddox*, ante p. 206. *The State* v. *Ballerio*, ante p. 81.
*Bostwick* v. *Gasquet*, 10 Rob. 81.

In the case of *Ballerio*, the Judge merely refused to give a charge, which,
if unexplained, might have left an erroneous impression upon the minds of
the jurors; and we held, that there was no such error in declining to give the
instructions asked, as would authorize us to avoid a verdict rendered after a
strictly legal charge.

STATE
*e*.
SCOTT.

But here is an instruction that is absolutely erroneous; and we are bound to presume that it operated prejudicially to the prisoner.

Our view upon the respective provinces of the court and jury, are expressed with sufficient fullness in the case of *Ballerio.*

It is in general safe, as it is in conformity with the theory and presumptions of our criminal jurisprudence, for the jury to regard the exposition of the law given by the court, as correct and decisive; but they are under no compulsion to do so. They not only have the physical power to disregard the instructions of the court, but there might be extreme cases where it would be right to exercise the power. Still the statutes require the Judge to expound the law to the jury and, in general, they will do well to heed it as authoritative.

Judgment reversed, and the cause remanded for a new trial, according to law.

MERRICK, C. J. For the reasons given in my dissenting opinion in the case of *Ballerio,* I concur in the conclusion of the court in this case.